| | AUSA: | Daniel D. Shin | Telephone: | (313) 226-9516 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Zachary Ferster | Telephone: | (313) 234-4000 |

# UNITED STATES DISTRICT COURT
### for the

## Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | | |
| v. | | Case: 2:26−mj−30248 |
| RANDOLPH ABNER | | Assigned To : Unassigned |
| | Case No. | Assign. Date : 4/30/2026 |
| | | Description: CMP USA V. ABNER (DJ) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 6, 2026 _____ in the county of _____ Macomb _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) | Possession of Cocaine Base With Intent to Distribute |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Zachary Ferster, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: _____ April 30, 2026 _____

_____
*Judge's signature*

City and state:  Detroit, Michigan

Hon. Kimberly G. Altman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Zachary Ferster, being duly sworn, depose and state the following:

### INTRODUCTION

1.      I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am a "federal law enforcement officer" as defined in Federal Rule of Criminal Procedure 41(a)(2)(C).

2.      I have been a DEA Special Agent since November 2020, and am currently assigned to the Detroit Division Office, Homeland Security Task Force Group 8 (HSTFG8). In August 2020, I started the 14-week Basic Agent Training Program for the DEA at Quantico, Virginia, which was completed in November 2020. During that time, I received training that addressed the methods by which drug traffickers possess and distribute controlled substances; the manner and means in which they conceal and launder the proceeds from the distribution of controlled substances; the manner and means in which they protect their proceeds and their controlled substances; and the manner and means by which drug traffickers attempt to avoid law enforcement detection of their activities. The controlled substances as to which this training applied included, but were not limited to, marijuana, cocaine, heroin, fentanyl and methamphetamine.

3.      I make this affidavit from personal knowledge based on my participation in this investigation, including the writing and review of reports by

myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the details or facts related to this investigation.

## PROBABLE CAUSE

4.      I, along with other law enforcement personnel, have developed probable cause that on or around March 6, 2026, Randolph ABNER possessed with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

5.      On March 6, 2026, at approximately 9:00 a.m., Warren Police Department (WPD) received a dispatch call to respond to a motel located at 7500 Miller Drive, Room 234, Warren, Michigan, for suspected overdose deaths. Upon arrival, WPD was advised by members of the Warren Fire Department (WFD) that there were two deceased individuals, identified as R.V. and J.R., inside Room 234.

6.      Based on the evidence observed and collected from Room 234, WPD determined that the deaths were consistent with overdose activity. On the bathroom vanity inside Room 234, WPD discovered a brown powder substance in a small plastic wrapper/baggie suspected by WPD officers to be heroin, a straw, a razor blade, and a playing card (see photograph below).



7.      WPD was able to locate the reporting party (RP) who made the 911 call. The RP told law enforcement that the RP was dropped off at the location by ABNER the night before on March 5, 2026. The RP stated R.V. and J.R. were smoking crack cocaine all night and that all three were playing cards together. The RP later stated that the RP was also smoking crack cocaine. The RP stated that the RP last saw R.V. and J.R. alive at approximately 7 a.m. before the RP fell asleep at a desk inside Room 234. The RP stated the RP woke up and observed both R.V. and J.R. and called 911.

8.      Video surveillance footage obtained from the motel at 7500 Miller Drive showed that on March 5, 2026, at approximately 7:40 p.m., a Dodge minivan arrived at the motel parking lot, driven by an individual later identified as ABNER, and the RP sitting in the front passenger seat. A sign with the word "TAXI" is

outwardly visible on the front driver's side of the windshield. The RP is seen exiting the vehicle, and J.R. is then seen entering the front passenger seat. J.R. and ABNER appear to converse for a brief time, and J.R. eventually exits the vehicle and stands while continuing to speak with ABNER. ABNER eventually drives the vehicle out of the parking lot.

9. On March 6, 2026, at approximately 11:50 a.m., a WPD officer observed a blue 2006 Dodge Caravan bearing Michigan license plate 7184M1, registered to Randolph ABNER, in the vicinity of 12 Mile Road and Mound Road in Warren, Michigan. The officer observed a tree air freshener hanging from the rear-view mirror, causing a vision obstruction. The officer also queried the license plate through LEIN/SOS, and observed that the registered owner (Randolph ABNER) showed an arrest warrant out of Detroit, Michigan. The officer initiated a traffic stop of the vehicle.

10. ABNER was the driver and sole occupant of the Dodge Caravan and provided a drivers license. ABNER was advised of his outstanding warrant. ABNER was asked if there was anything illegal in his vehicle and if the officer could search the vehicle, to which ABNER responded, "I don't care."

11. The WPD officer deployed K-9 Diezel on ABNER's vehicle to conduct an open-air sniff. K-9 Diezel showed a change in body posture (barking) and respirations on the driver's side window/seam area of the vehicle. K-9 Diezel

was let into the interior part of the vehicle where K-9 Diezel showed alert behavior in the front seats and gave a passive sit indication on the headliner dome compartment area. Upon further inspection, the dome light was observed to be loose. Once the dome light housing was pulled down, suspected narcotics in two clear baggies were observed concealed inside the dome light housing area.

12.     The two bags each contained what appeared to be white rock like substances. Subsequent DEA laboratory testing of the white rock like substances revealed the presence of approximately 13.1 grams of cocaine base. One of the bags also contained a folded-up lottery fold containing a substance, which field tested positive for heroin.

13.     After being advised of Miranda rights, ABNER denied that the drugs found in his vehicle belonged to him. ABNER stated that on the previous day, he dropped off the RP at the motel and that he also gave J.R. a "dime" of "crack." ABNER denied giving J.R. fentanyl. ABNER stated that he occasionally gives fentanyl to "girls" who are "nervous" and he "want the sex, so, you know, there it is."

[This space intentionally left blank]

## CONCLUSION

14. Based on the facts established throughout this affidavit, probable cause exists to believe that Randolph ABNER did knowingly possess with the intent to distribute cocaine base in violation of 21 U.S.C § 841(a)(1).

Respectfully submitted,

Zachary Ferster
Special Agent
Drug Enforcement Administration

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Kimberly G. Altman
United States Magistrate Judge

Date:       April 30, 2026